**James E. BRADLEY, Alvin Maye and James Richardson, Plaintiffs,**

v.

**GRAPETTE BOTTLING COMPANY, Inc., Defendant.**

**No. 1467.**

United States District Court
E. D. Kentucky,
Lexington Division.

July 5, 1963.

Miller, Griffin, Marks & Stephens, Robin Griffin, Lexington, Ky., for plaintiffs.

Gess, Mattingly, Saunier & Atchison, Charles Richard Doyle, Lexington, Ky., for defendant.

HIRAM CHURCH FORD, Senior District Judge.

By this action the plaintiffs, James E. Bradley and James Richardson, seek to recover minimum wages under the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 206, and for overtime wages under § 207 thereof. The plaintiff, Alvin Maye, seeks to recover only for overtime under § 207 of the Act. Each of the plaintiffs claim that at the time herein referred to he was "engaged in commerce". No claim by either of them is based upon the assertion that he was engaged "in the production of goods for commerce".

The parties entered into a stipulation by which they agreed as follows:

"1. That the plaintiff, Alvin Maye, was employed by the defendant, from February 28, 1960 through the pay period ending August 3, 1961, during which time he worked a total of 2,129½ hours and for which he was paid at the rate of $.80 per hour; that during said period of time Alvin Maye worked 240 hours overtime; and that, if his work was covered by provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C.A. §§ 201 et seq.), he is entitled to additional compensation of $545.90.

"2. That the plaintiff, James Richardson, was employed by the defendant from February 28, 1960 through the pay period ending April 14, 1960, during which time he worked a total of 286½ hours and for which he was paid at the rate of $.80 per hour; that during said period of time James Richardson worked 19 hours overtime; and that if his work was covered by provisions of the Fair Labor Standards Act of 1938, as amended, he is entitled to additional compensation of $66.80.

"3. That the plaintiff, James E. Bradley, was employed by the defendant from February 28, 1960 through the pay period ending June 15, 1961, during which time he worked a total of 3,187½ hours; that for 614 hours he was paid at the rate of $.80 per hour; that for 2,573½ hours he was paid at the rate of $.90 per hour; that he

worked 505 overtime hours; and that, if his work was covered by the provisions of the Fair Labor Standards Act of 1938, as amended, he is entitled to $632.65 as additional compensation.

"4. That the plaintiff, Alvin Maye, since August 1, 1961, has been paid by the defendant in accordance with the provisions of the Fair Labor Standards Act of 1938, as amended.

"5. That the plaintiff, James Richardson, has not been employed by the defendant since the pay period ending April 14, 1960.

"6. That the plaintiff, James E. Bradley, has not been employed by the defendant since the pay period ending June 15, 1961.

"7. That the defendant is in the business of selling and distributing bottled soft drinks; that it produces and bottles 'Grapette', 'Vess', 'Bells', and 'Frostie Root Beer' in its Paris, Kentucky bottling plant; that it purchases 'Choc-ola' from the Choc-ola Company in Indianapolis, Indiana, which company delivers the finished product of bottled 'Choc-ola' to the defendant's warehouse in Paris; that Choc-ola drivers place the cases of Choc-ola drink in a separate designated area of the Paris warehouse upon delivery; that cases of 'Grapette', 'Vess', 'Bells', 'Frostie Root Beer' and 'Choc-ola' are loaded on to the defendant's own delivery trucks which then carry the cases for distribution to retailers in Central Kentucky; that all of the soft drinks are sold by retailers in Central Kentucky, and empty bottles are returned to them to be subsequently picked up by the defendant's delivery trucks; that the consumers of the soft drinks and the retailers usually intermix the various empty soft drink bottles in the empty cases; that the cases of empty bottles, from February 28, 1960 through the end of July, 1961 were picked up by the defendant's delivery truck drivers and returned to its Paris warehouse;

**404**

that during that period of time the plaintiffs, as a part of their general duties, sorted and separated the empty bottles according to the brand of soft drink; that said bottles were picked up by Choc-ola trucks for their return to Indiana; and that the sorting of the Choc-ola bottles from other empty soft drink bottles was the primary activity of the plaintiffs which they contend brought their work within the provisions of the Fair Labor Standards Act of 1938, as amended."

In respect to the matters therein set out, the Court accepts the stipulation and makes it a part hereof.

The result of the stipulation is that the only question herein presented for determination is whether work performed by the plaintiffs as employees of defendant is within the purview of the above provisions of the Act.

■ Upon consideration of the evidence presented, the briefs filed by counsel for the respective parties, and applicable authorities, I am of the opinion that the plaintiffs sustained the burden of showing that a substantial part of their daily duties consisted of their work in sorting and separating from a mass of empty bottles those bearing identification marks as bottles received from the Choc-ola Company and placing them in specified places in the defendant's warehouse to be loaded upon trucks of the Choc-ola Company for their return to the company at Indianapolis, Indiana, in accordance with a contract and understanding between the Choc-ola Company and the defendant; that such labor was an established part of the defendant's business and the plaintiffs' duties, and that by reason thereof the plaintiffs were thereby "engaged in commerce", and entitled to the minimum wage provisions under § 206 of the Act, and overtime compensation under § 207 thereof. Stewart-Jordan Distributing Co. v. Tobin, 5 Cir., 210 F.2d 427, certiorari denied Stewart-Jordan Distributing Co. v. Mitchell, 347 U.S. 1013, 74 S.Ct. 866, 98 L.Ed. 1136; Nunn's Battery & Electric Co. v. Gold-

berg, 5 Cir., 298 F.2d 516; Opelika Royal Crown Bottling Co. v. Goldberg, 5 Cir., 299 F.2d 37.

■ It is not material that the plaintiffs also performed other duties which did not involve inter-state commerce.

In Crook v. Bryant, 4 Cir., 265 F.2d 541, 544, numerous authorities are cited by the Court in support of the proposition that "if an employee's duties are partly intrastate and partly interstate, his entire compensation must conform to the provisions of the statute."

The authorities cited and relied upon by the defendant as holding to the contrary seem to be clearly distinguishable and do not seem applicable upon the question here presented.

For the reasons indicated, I am of the opinion that the plaintiffs are entitled to recover the amounts set out in the above stipulation relative to each of them respectively. Counsel for plaintiffs will prepare, serve and submit for entry judgment in conformity herewith.